United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOSEPH AMOR FARHAT,

    Plaintiff,

v.

SANTA CLARA COUNTY, et al.,

    Defendants.

Case No. 18-05559 BLF (PR)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

Plaintiff, a pretrial detainee, filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's motion for leave to proceed *in forma pauperis* will be granted in a separate order.

## DISCUSSION

### A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune

from such relief. *See id.* § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     Plaintiff's Claims**

Plaintiff claims that while in custody at the Santa Clara County Main Jail, deputies "from negligence, caused PTSD episode and over restrained." (Compl. at 3.) Plaintiff also claims that he was arrested for violating probation for an out of state conviction over which California has no jurisdiction. (*Id.*) Plaintiff also claims that he was "threatened by staff, lied to and sent to an acute psyche section of jail as punishment and fear of [him] as a veteran." (*Id.*) Plaintiff seeks damages, a court order permitting him to re-enlist in any U.S. armed forces, a request to transfer the matter to the "Veterans Treatment Court," his immediate release from custody, and for bail funds for the warrant. (*Id.*)

Habeas is the "exclusive remedy" for the prisoner who seeks "'immediate or speedier release'" from confinement. *Skinner v. Switzer*, 562 U.S. 521, 533-34 (2011) (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005)); *see Calderon v. Ashmus*, 523 U.S. 740, 747 (1998); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). "Where the prisoner's claim would not 'necessarily spell speedier release,' however, suit may be brought under § 1983.'" *Skinner*, 561 U.S. at 533-34 (quoting *Wilkinson*, 544 U.S. at 82). In fact, a § 1983 action is the exclusive remedy for claims by state prisoners that do not "lie at the 'core of habeas corpus.'" *Nettles v. Grounds*, 830 F.3d 922, 931 (9th Cir. 2016) (en banc) (quoting *Preiser*, 411 U.S. at 487). A claim that meets the statutory criteria of § 1983 may be asserted unless it is within the core of habeas corpus because "its success would release the claimant from confinement or shorten its duration." *Thornton v. Brown*, 757 F.3d 834, 841 (9th Cir. 2014) (citing *Preiser*, 411 U.S. at 500). Here, Plaintiff seeks his immediate

2

release based on lack of jurisdiction, which "lie[s] at the 'core of habeas corpus.'" *Nettles*, 830 F.3d at 931; *Skinner*, 562 U.S. at 533-34. Accordingly, all such claims relating to the validity of his confinement must be dismissed to filing as a habeas action. *See Trimble v. City of Santa Rosa*, 49 F.3d 583, 586 (9th Cir. 1995).

Plaintiff would be able to proceed with the claims regarding conditions of confinement but fails to allege sufficient facts to state a cognizable § 1983 claim. First of all, the claim that deputies negligently caused a PTSD episode by over restraining him does not state a claim because neither negligence nor gross negligence is actionable under § 1983 in the prison context. *See Farmer v. Brennan*, 511 U.S. 825, 835-36 & n.4 (1994); *Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990) (gross negligence insufficient to state claim for denial of medical needs to prisoner). Accordingly, this negligence claim must be dismissed for failure to state a claim.

With respect to the other claims, Plaintiff fails to state sufficient facts to support a cognizable claim regarding unconstitutional treatment by staff. The general allegations that staff threatened and lied and sent him to an acute psyche section of jail as "punishment and fear of [him] as a veteran" are not sufficient because he fails to identify any state actor by name or describe what injuries he suffered due to their actions. *See supra* at 2. Furthermore, Plaintiff names "Santa Clara County," "Dept. of Justice," "and "Dept. of Corrections" as defendants but makes no specific allegations against these entities or any specific individual. (Compl. at 1.) Plaintiff shall be given an opportunity to file an amended complaint to attempt to state sufficient facts to state a cognizable claim for relief.

In preparing an amended complaint, Plaintiff should also keep the following principles in mind. Pretrial detainees may sue prison officials for injuries suffered while in custody under the Fourteenth Amendment's Due Process Clause but must show that the prison official acted with deliberate indifference. *See Bell v. Wolfish*, 441 U.S. 520, 535 (1979); *Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1067-68 (9th Cir. 2016) (en banc). Under the Fourteenth Amendment, a pretrial detainee plaintiff also must show that the

3

challenged prison condition amounts to punishment because it is not "reasonably related to a legitimate governmental objective." *Byrd v. Maricopa Cty. Board of Supervisors*, 845 F.3d 919, 924 (9th Cir. 2017) (quoting *Bell*, 441 U.S. at 539). If the particular restriction or condition is reasonably related, without more, it does not amount to punishment. *Bell*, 441 U.S. at 538-39. *But cf. Shorter v. Baca*, 895 F.3d 1176, 1189 (9th Cir. 2018) (holding jail officials not entitled to deference where they offered no reason for keeping mentally ill inmates shackled and unclothed, without food, water, or access to a toilet for hours at a time). Liability may be imposed on an individual defendant under § 1983 only if Plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988); *Harris v. City of Roseburg*, 664 F.2d 1121, 1125 (9th Cir. 1981). A person deprives another of a constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. *See Leer*, 844 F.2d at 633.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

The complaint is **DISMISSED with leave to amend**. Within **twenty-eight (28) days** of the date this order is filed, Plaintiff shall file an amended complaint **using the court's form complaint** to state sufficient facts to state a cognizable claim as described above. The amended complaint must include the caption and civil case number used in this order, Case No. C 18-05559 BLF (PR), and the words "AMENDED COMPLAINT" on the first page. Plaintiff must answer all the questions on the form complaint in order for the action to proceed.

The negligence claim against deputies for "over restrain[ing]" him and causing a PTSD episode is DISMISSED with prejudice for failure to state a claim for relief. All the claims challenging the validity of his custody and seeking his immediate release are

4

DISMISSED without prejudice to filing as a habeas action.

The amended complaint supersedes the original, the latter being treated thereafter as non-existent. *Ramirez v. Cty. Of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015). Consequently, claims not included in an amended complaint are no longer claims and defendants not named in an amended complaint are no longer defendants. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.1992).

**Failure to respond in accordance with this order in the time provided will result in the dismissal of this action without prejudice and without further notice to Plaintiff.**

The Clerk shall include two copies of the court's form complaint with a copy of this order to Plaintiff.

**IT IS SO ORDERED.**

Dated: January 22, 2019

BETH LABSON FREEMAN
United States District Judge

Order of Dismissal with Leave to Amend
PRO-SE\BLF\CR.18\05559Farhat_dwlta